Upon the agreed facts, I find foreign value, as defined in section 402a(c) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for determining the value of the bearings covered by this appeal for a reappraisement and that such value is DM8477, less 15 percent, less 2 percent, plus packing.

Judgment will be entered accordingly.

**REHEARING MOTIONS GRANTED**

APRIL 26, 1965

**Reap. Dec. 10964.**—Manhattan Novelty Corp. *v.* United States, 

Motion by plaintiff.

**Reap. Dec. 10965.**—Manhattan Novelty Corp. *v.* United States, 

Motion by plaintiff.

**Reap. Dec. 10966.**—Manhattan Novelty Co. *v.* United States, 

Motion by plaintiff.

(Reap. Dec. 10967)

IONAC CHEMICAL CO. *v.* UNITED STATES

Entry Nos. 13586; 176

(Decided May 4, 1965)

*Eugene R. Pickrell* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: These two appeals for reappraisement are before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the Plaintiff and the Assistant Attorney General for the United States that the items marked "A" and initialled JWP by Examiner John W. Painter on the invoices covered by the appeals for reappraisement herein and designated on the invoices as Zerolit 225, Zerolit G and Zerolit FF, were appraised at the following prices:

> Zerolit 225 $14.80 per pound, plus drums
> Zerolit G $46.55 per pound, plus drums
> Zerolit FF $46.55 per pound, plus drums.

IT IS FURTHER STIPULATED AND AGREED that American selling price, as that value is defined in Section 402(e) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, is the proper basis for the determination of the value of the merchandise here involved, and that the prices at which merchandise comparable to and competitive with Zerolit 225, Zerolit G